UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


| | | |
|---|---|---|
| THOMAS DAIGLE | : | CIVIL ACTION NO. 2:13-cv-3103 |
| | : | |
| VERSUS | | JUDGE MINALDI |
| | : | |
| WARDEN LASALLE CORRECTIONAL | | |
| CENTER A/K/A JEFF WINDHAM | : | MAGISTRATE JUDGE KAY |


REPORT AND RECOMMENDATION


On November 15, 2013, *pro se* petitioner Thomas Daigle filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC") and is incarcerated at the LaSalle Correctional Center ("LCC"), Olla, Louisiana.

Petitioner attacks his 2011 conviction for aggravated incest and the twenty year sentence imposed by the Fourteenth Judicial District Court, State of Louisiana, Parish of Calcasieu.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

*Background*

Pursuant to a plea agreement, petitioner pled guilty to two counts of aggravated incest. Doc. 4, p. 2.  He was sentenced on June 18, 2011, to serve twenty years of imprisonment.  Doc. 4, p. 1. Daigle alleged in his petition that he did not appeal his conviction and sentence.  Doc. 4, p. 2.  He also states that he did not file an application for post-conviction relief.  Doc. 4, pp. 6, 7,

-2-

8. However, a review of published legal jurisprudence shows a writ denial issued by the Louisiana Supreme Court on January 10, 2014. *State of Louisiana ex rel. Thomas Daigle v. State of Louisiana*, 2013-KH-1464, 130 So. 3d 320 (La. 1/10/2014). Further, the original petition filed with this court [doc. 1] which was noted as deficient by the clerk's office appears to be a copy of the petitioner's post-conviction application filed with the Fourteenth Judicial District Court. The application is dated July 3, 2013. Doc. 1, p. 5. Additionally, petitioner produced a copy of a writ application to the Third Circuit Court of Appeal which addressed the same alleged errors as did the post-conviction application filed with the Fourteenth Judicial District Court. Doc. 4, att. 1, pp. 1-2. These filings are consistent with the Louisiana Supreme Court's notation that its writ denial follows proceedings in the Fourteenth Judicial District Court, No. 09-34730 and in the Third Circuit, No. 13-KH-00513. *See State of Louisiana ex rel. Thomas Daigle, supra.* Thus, while petitioner alleged he did not file post-conviction relief, published jurisprudence indicates otherwise.

### *Law and Analysis*

### 1. *Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court must apply the provisions of the AEDPA including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999); *In re Smith,* 142 F.3d 832, 834 (5th Cir. 1998) (citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997)).

The AEDPA amended 28 U.S.C. §2244(d)(1)(A) to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. …" 28 U.S.C. §2244(d)(1)(A).

The time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.  28 U.S.C. §2244(d)(2), *see also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the filing of the application for in state court is counted, and the limitations period is only tolled while the application remains pending. *Villegas,* 184 F.3d 467 (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998)).  Federal courts may raise the one-year time limitation *sua sponte*.  *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence.  For AEDPA purposes, petitioner's judgment of conviction and sentence became final by the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  Petitioner was sentenced on June 8, 2011.  Under the provisions of La.C.Cr.P. art. 914 petitioner had a period of 30 days or until July 8, 2011, to file a motion for appeal.[3]

Accordingly, the limitations period began to run on July 8, 2011, and petitioner had one year from that date, or until July 8, 2012, to file a timely petition for *habeas corpus* in federal court.  Petitioner failed to do so and, therefore, his application is time barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).  Petitioner cannot avail himself of statutory tolling pursuant to §2244(d)(2) because he filed his state-court application for post-conviction relief on July 3, 2013, and by that time the limitations period had already expired and could not be revived.  *See Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999) (citing *Flanagan*, 154 F.3d at 197)).

---

[3]La. C.Cr.P. art. 914(b)(1) provides, "[t]he motion for an appeal must be made no later than … [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

### 2. *Equitable Tolling*

The one-year limitation period is subject to equitable tolling but only in "rare and exceptional" cases. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor lack of representation during the applicable filing period merits equitable tolling.  See *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991).

Nothing alleged supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the State of Louisiana nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.   The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A).  Equitable tolling does not apply.

Further, equitable tolling should only be applied if the applicant diligently pursues § 2244 relief.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Phillips v. Donnelly*.  Here, petitioner allowed years to elapse from the time that his conviction was final and the date he filed his federal suit.  Equitable tolling does not apply.

### *Conclusion*

In the absence of any evidence warranting statutory or equitable tolling, the court finds that petitioner's *habeas* petition is time-barred by 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

-5-

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

-6-

THUS DONE this 17th day of September, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE